■ DONALD CORDARO, Respondent, v AETNA LIFE INSURANCE COMPANY, Appellant.—In an action, inter alia, for a judgment declaring that the defendant is precluded, as a matter of law, from disclaiming the plaintiff's entitlement to reimbursement for maternity medical expenses incurred by the plaintiff's wife, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 18, 1984, which granted the plaintiff's motion for partial summary judgment and denied its cross motion for summary judgment dismissing the complaint.

Justice Eiber has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, the cross motion is granted, it is declared that the defendant is not precluded from disclaiming the plaintiff's entitlement to reimbursement

---

for maternity medical expenses incurred by the plaintiff's wife, and the action is otherwise dismissed.

The plaintiff was employed by Tandy Corporation (hereinafter Tandy) for slightly over four months, at which time he and his wife were covered under a group health insurance policy issued by the defendant for the benefit of Tandy employees. Just over eight months after the plaintiff left the employ of Tandy, his wife gave birth to a baby, incurring medical expenses of $2,420. According to the plaintiff, the pregnancy commenced while he was still employed by Tandy. The plaintiff filed a claim with the defendant for reimbursement for those medical expenses. The defendant disclaimed liability on the ground that the plaintiff ceased to be covered under the policy upon the termination of his employment with Tandy.

The plaintiff commenced this action seeking, in his first cause of action, recovery of his wife's medical expenses. In the second cause of action, the plaintiff requested a declaration that defendant be precluded from disclaiming the plaintiff's entitlement to reimbursement for the maternity expenses, pursuant to Insurance Law former § 253 (1-a) (now § 4303 [c]). Both parties moved for summary judgment on this issue.

In its memorandum decision disposing of the motion and cross motion, Special Term initially adopted the view, with which we agree, that Insurance Law § 253 (1-a) "does not expressly address the termination or cancellation of insurance prior to the conclusion of a pregnancy which commenced while the insured was covered". Nevertheless, it granted the plaintiff's motion for partial summary judgment based on its interpretation of the applicable regulations and the contract of insurance issued by the defendant.

We disagree with Special Term's holding in this regard.

The applicable regulation, i.e., 11 NYCRR 52.18 (b) (6) (i), provides, in pertinent part, as follows: "[P]olicies providing benefits for hospital and/or medical expenses may provide benefits for covered expenses incurred as a result of pregnancy, childbirth or related medical conditions if those expenses arise after termination of coverage, but as a result of pregnancies commencing while coverage is in force".

It is clear from the express language of the regulation that providing benefits of the type requested at bar is optional with the insurer and not mandatory. The group health insurance policy issued by the defendant for the benefit of Tandy employees provides as follows: "[M]edical expenses incurred after the individual's coverage ceases will be considered for benefits

if—the individual has been totally disabled since her coverage terminated".

This provision simply means that the total disability must exist as of the moment that coverage terminates and must continue through to the time that the expense is incurred. The plaintiff admitted at an examination before trial that his wife was not "totally disabled" at the time he left the employment of the Tandy Corporation, and in his brief conceded that "if the policy provisions governed [he] would have no viable claim". Mangano, J. P., Niehoff, Eiber and Spatt, JJ., concur.